1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ORLANDO JOHNSON,                        No. 2:21-cv-1450-KJM-EFB P

12                 Plaintiff,

13         v.                                ORDER

14   UNKNOWN,

15                 Defendant.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Following the dismissal of his original complaint upon screening[1] (ECF Nos. 1 &

19   8), plaintiff has filed an amended complaint (ECF No. 11), which the court must now screen.  As

20   discussed below, plaintiff's amended complaint is dismissed with leave to amend for failure to

21   state a claim.

22        Plaintiff alleges that he suffers from severe asthma and coronary artery disease.  He claims

23   that defendant RN Morin initially assigned him a COVID risk assessment score of 1, based only

24   on his age and gender.  Plaintiff's wife contacted the prison to let them know plaintiff needed an

25        _____

26         [1] Federal courts must engage in a preliminary screening of cases in which prisoners seek
     redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
27   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
     of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
28   relief may be granted," or "seeks monetary relief from a defendant who is immune from such
     relief."  *Id.* § 1915A(b).

                                        1

immediate COVID risk assessment because of his underlying medical conditions.  Plaintiff claims that defendant Warden Matteson was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because it took over three weeks for her to have plaintiff properly re-assessed.  Plaintiff claims that defendant Morin was also deliberately indifferent because Morin made only a cursory assessment of plaintiff's risk.  When plaintiff was reassessed, his score went from 1 to 6, which required additional precautions over what plaintiff had been provided.  Plaintiff seeks $100,000 in compensatory damages, $100,000 in punitive damages, and unspecified injunctive relief.  As discussed below, plaintiff's claims cannot survive screening.

To establish a constitutional violation "based on a failure to prevent harm, the inmate must [first] show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  COVID-19 of course, poses a substantial risk of serious harm.  *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.).  Plaintiff, however, does not clearly allege whether he suffered serious harm because of defendants' delay in properly assigning him a COVID risk assessment score.  Several courts have held that generalized allegations that supervisory prison officials did not do enough to control the spread of COVID-19 are insufficient to state an Eighth Amendment claim.  *See Booth v. Newsom*, No. 2:20-cv-1562-AC P, 2020 U.S. Dist. LEXIS 215148, (E.D. Cal. Nov. 17, 2020); *Blackwell v. Covello*, No. 2:20-cv-1755-DB P, 2021 U.S. Dist. LEXIS 45226 (E.D. Cal. Mar. 10, 2021).  In an amended complaint, plaintiff must allege specific facts showing that by delaying plaintiff's COVID risk assessment, plaintiff was harmed.  Plaintiff's amended complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his

2

1  rights.  The court will not infer the existence of allegations that have not been explicitly set forth

2  in the amended complaint.

3        The amended complaint must contain a caption including the names of all defendants.

4  Fed. R. Civ. P. 10(a).

5        Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See

6  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

7        Any amended complaint must be written or typed so that it so that it is complete in itself

8  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

9  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

10  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

11  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

12  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

13  1967)).

14        Finally, the court notes that any amended complaint should be as concise as possible in

15  fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of

16  procedural or factual background which has no bearing on his legal claims.

17        Accordingly, IT IS ORDERED that:

18    1.    Plaintiff's amended complaint (ECF No. 11) is DISMISSED with leave to amend

19          within 30 days from the date of service of this order; and

20    2.    Failure to comply with this order may result in dismissal of this action for the reasons

21          stated herein.

22  DATED:  January 14, 2022.

23                                    EDMUND F. BRENNAN

24                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                        3