UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | No. 2:21-cv-1450-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Following the dismissal of his first two complaints upon screening[1] (ECF Nos. 1, 8, 11, 12), plaintiff has filed a second amended complaint (ECF No. 13), which the court must now screen. As discussed below, the complaint should be dismissed without further leave to amend for failure to state a claim.

/////

/////

/////

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

The court analyzed plaintiff's first amended complaint as follows:

> Plaintiff alleges that he suffers from severe asthma and coronary artery disease. He claims that defendant RN Morin initially assigned him a COVID risk assessment score of 1, based only on his age and gender. Plaintiff's wife contacted the prison to let them know plaintiff needed an immediate COVID risk assessment because of his underlying medical conditions. Plaintiff claims that defendant Warden Matteson was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because it took over three weeks for her to have plaintiff properly re-assessed. Plaintiff claims that defendant Morin was also deliberately indifferent because Morin made only a cursory assessment of plaintiff's risk. When plaintiff was reassessed, his score went from 1 to 6, which required additional precautions over what plaintiff had been provided. Plaintiff seeks $100,000 in compensatory damages, $100,000 in punitive damages, and unspecified injunctive relief. As discussed below, plaintiff's claims cannot survive screening.
>
> To establish a constitutional violation "based on a failure to prevent harm, the inmate must [first] show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). COVID-19 of course, poses a substantial risk of serious harm. *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners."). Plaintiff, however, does not clearly allege whether he suffered serious harm because of defendants' delay in properly assigning him a COVID risk assessment score. Several courts have held that generalized allegations that supervisory prison officials did not do enough to control the spread of COVID-19 are insufficient to state an Eighth Amendment claim. *See Booth v. Newsom*, No. 2:20-cv-1562-ACP, 2020 U.S. Dist. LEXIS 215148, (E.D. Cal. Nov. 17, 2020); *Blackwell v. Covello*, No. 2:20-cv-1755-DB P, 2021 U.S. Dist. LEXIS 45226 (E.D. Cal. Mar. 10, 2021). In an amended complaint, plaintiff must allege specific facts showing that by delaying plaintiff's COVID risk assessment, plaintiff was harmed. Plaintiff's amended complaint is dismissed with leave to amend.

ECF No. 12 at 1-2.

The second amended complaint adds two new allegations: (1) plaintiff is housed with an unvaccinated inmate; and (2) plaintiff has contemplated suicide. ECF No. 13 at 3, 5. These additional allegations fail to cure the defects identified by the court in its prior screening order. First, plaintiff does not state how being housed with an unvaccinated inmate harmed him. Second, plaintiff's generalized allegations do not suffice to link any alleged deliberate indifference in properly assigning plaintiff a COVID risk assessment score to plaintiff's contemplation of suicide.

Based on the foregoing, the court finds that plaintiff is unable to state a cognizable federal claim for relief and this action should be dismissed without further leave to amend. *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, it is RECOMMENDED that plaintiff's second amended complaint (ECF No. 13) be DISMISSED without leave to amend for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 16, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE