UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO JOHNSON, | No. 21-cv-1450-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, | |
| Defendant. | |

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On March 17, 2022, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has not filed objections to the findings and recommendations.

      The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

/////

1

. . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis, including the magistrate judge's conclusion that plaintiff's new allegation that he is housed with an unvaccinated inmate does not, standing alone, suffice to state an Eighth Amendment claim "based on failure to prevent harm . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff does not allege that he was not given a mask or other tools to mitigate his exposure, nor does he aver that his unvaccinated cellmate contracted COVID-19, was exposed to COVID-19, or had not previously been infected such that he had no antibodies. *See generally* SAC, ECF No. 13. Accordingly, plaintiff's new allegation does not state a cognizable federal claim for relief. *Id.* at 847 ("a prison official may be held liable . . . for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 17, 2022, are adopted in full;
2. Plaintiff's second amended complaint (ECF No. 13) is dismissed without leave to amend for failure to state a claim upon which relief could be granted; and
3. The clerk of court is directed to close this case.

DATED: September 6, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

2